IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KHRISTEN SELLERS, et al., )
)
Plaintiffs, )
)
v. ) 1:14CV422
)
SOUTHEASTERN COMMUNITY AND )
FAMILY SERVICES, INC., et al., )
)
Defendants. )

## ORDER

This matter is before the Court upon Defendant Southeastern Community and Family Services, Inc.'s ("SCFS") (formerly known as "Four-County Community Services") motion for a protective order (Docket Entry 49) and Plaintiffs' motion to amend the stipulated protective order ("SPO") entered July 18, 2014. (Docket Entry 63.) On January 12, 2015, the undersigned conducted a telephonic hearing regarding these and other issues. The Court allowed supplemental briefs as to specific disputed deposition topics. (*See* Docket Entry dated Jan. 12, 2015.) The parties submitted supplemental briefs on January 16, 2015. SCFS subsequently filed a motion for leave to file a supplemental brief as to Plaintiff's deposition Topic 12. (Docket Entry 89.) After further review, the Court finds that the deposition topics must be limited in certain ways. Furthermore, the Court will not modify the parties' stipulated protective order entered July 18, 2014.

### I. Background

Plaintiffs filed this federal fair housing action alleging that Defendants sexually harassed and extorted Plaintiffs while they were seeking to obtain low-income benefits ("Section 8

1

benefits"). (*See generally*, Am. Compl., Docket Entry 62.)[1]  At the time of the alleged acts, Defendants John Wesley and Eric Pender were employed with SCFS, a public housing agency that distributes Section 8 benefits to qualified individuals. (*Id.* ¶¶ 23-24.)  As SCFS officers, Pender "perform[ed] home inspections to determine eligibility for Section 8 benefits, while Wesley determin[ed] how Section 8 benefits are disbursed among applicants and recipients." (*Id.* ¶ 24.)  Plaintiffs allege vicarious liability on the part of SCFS as "officers, directors, and/or managers of SCFS participated in and/or condoned the negligent acts [of Wesley and Pender]." (*Id.* ¶ 48.)  The amended Complaint further alleges that SCFS engaged in negligent retention, supervision, and training relating to its knowledge of Wesley and Pender's conduct. (*Id.* ¶¶ 50-53)  In sum, the amended complaint alleges eight causes of action against Defendants. (*Id.* ¶¶ 45-77.)

After the parties began discovery, Plaintiffs served their notice to depose a representative of SCFS, as well as request production of certain documents. (Notice of Dep., Ex. 1, Docket Entry 49-1.)  SCFS lodged specific objections to Plaintiffs' deposition notice. (*See* Ex. 3, Def.'s email dated Aug. 7, 2014, Docket Entry 50-1.)  The parties were unable to resolve the discovery dispute, thus SCFS sought court intervention through the pending motion to narrow the topics outlined in Plaintiffs' notice of deposition. (Docket Entry 49.)  In their motion to amend the stipulated protective order, Plaintiffs seek to amend and add to § 5.2.4 of the SPO to allow parties to disclose confidential material to witnesses and persons consulted through litigation of this case. (Pls.' Br. at 1, Docket Entry 64.)  On January 12, 2015, the undersigned conducted a telephonic hearing regarding these issues. (*See* Docket

---

[1] Plaintiffs have filed a motion to amend the Third Amended Complaint which is pending before the Court. (Docket Entry 88.)

Entry dated Jan. 12, 2015.) As to SCFS's motion (Docket Entry 49), the remaining issues before the Court relate to Topics 12, 34, and 43-46. As to Plaintiffs' motion (Docket Entry 63), all issues are still pending.

## II. Discussion

### A. SCFS's Motion for a Protective Order

Pursuant to Civil Procedure Rule 26(b), courts have the power to limit discovery matters where "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C)(iii). To that end, courts may "limit[] the scope of disclosure or discovery to certain matters" in order to balance the costs and benefits of proposed discovery topics. Fed. R. Civ. P. 26(c)(1)(D); *see also McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("The court has the discretion to protect a party from 'oppression' or 'undue burden or expense'.") (citing Fed. R. Civ. P. 26(c)). Pursuant to Fed. R. Civ. P. 26(c), a party must show "good cause" to obtain a protective order. "The burden of showing good cause rests with the party requesting the protective order." *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991). To show good cause, "[t]he party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." *Id.* (citing *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *Deines v. Vermeer Mfg. Co.*, 133 F.R.D. 46, 48 (D. Kan. 1990)).

1. <u>Deposition Topic 12</u>

The revised[2] Topic 12 reads: "The name, job title, job duties, dates of employment, reason for separation from employment, and last known address or whereabouts of each employee terminated from employment by [SCFS] since January 1, 2009." (Def.'s Br. 2, Docket Entry 89-1.) SCFS argues that the revised statement for Topic 12 is still overly broad, unduly burdensome and unlikely to lead to admissible evidence. (Def.'s Br. at 2, Docket Entry 89-1; Def.'s Reply Br. at 6, Docket Entry 60.) It argues that the topic should be limited to SCFS employees in its Section 8 department. (*Id.*) Plaintiffs argue that the topic is "reasonably calculated to discover evidence that will be highly relevant and admissible regarding the issues of agency and punitive damages." (Pls.' Br. at 3, Docket Entry 90.) Considering the facts before the Court, the undersigned finds that the topic "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The allegations in this case extend beyond Pender and Wesley, and encompass termination practices, and potential actions and knowledge of employees in supervisory roles which may cross departmental lines. Therefore, such information is relevant. *See Hinton v. Conner*, 225 F.R.D. 513, 516 (M.D.N.C. 2005) (unusual circumstances present such that "[t]he nature of the controversy may make the records of other departments relevant"). As to the costs and benefits of Topic 12, the Court considered the size of SCFS,[3] the relevant time period, and the requested information ("terminated employees") in Topic 12, and

---

[2] As ordered, Plaintiffs revised Topic 12 which SCFS now opposes as overly broad and unlikely to lead to discovery of admissible evidence. SCFS filed a motion for leave to file a supplemental brief as to this revision. (Docket Entry 89.) For good cause shown, the Court will grant SCFS's motion and consider such arguments.

[3] SCFS employs approximately 346 individuals in 4 departments. (*See* Aff. of Kim Clark ¶¶ 6-8, Docket Entry 49-2.)

4

concludes that it will not limit this topic to the Section 8 Department because obtaining such information will not be unduly burdensome to SCFS. However, the Court will further narrow this topic to employees terminated for reasons similar to the nature of this case: employees terminated by SCFS since January 1, 2009 for incidents involving sexual harassment.[4]

2. Deposition Topic 34

Topic 34 includes "[a]ny litigation of any kind in which any defendant has been a party or witness at any time since January 1, 2004." (Notice of Dep., Ex. 1, Docket Entry 49-1 at 8.) SCFS argues that this topic should be limited in scope to the Section 8 department, and limited in time to litigation since January 1, 2009. "Evidence of other lawsuits is typically only relevant if those lawsuits involve similar claims and can be used to establish a pattern or habit or routine practice." *F & A APLC v. Core Funding Grp., L.P.*, No. 07–543–D–M2, 2009 WL 2214184, at *2 n.1 (M.D. La. July 23, 2009) (unpublished). In other cases addressing discovery requests for litigation history, courts have limited the time and scope of such discovery in several ways. *See, e.g., Morris v. Lowe's Home Centers, Inc.*, No. 1:10CV388, 2012 WL 5347826, at *6 (M.D.N.C. Oct. 26, 2012) (unpublished) (accepting plaintiff's narrowed scope of an interrogatory in relation to relevant time period, the alleged discrimination and store departments of plaintiff and her supervisors); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 242 (E.D.N.C. 2010) (limiting litigation discovery requests to "successful claims" within the past ten years similar to the one at issue); *F & A*

---

[4] *See McDougal-Wilson*, 232 F.R.D. at 250 (limiting discovery for personnel actions to related discrimination claims).

5

*APLC*, 2009 WL 2214184, at *2 (limiting discovery in scope to similar claims within five-year period against named defendant).

The Court agrees with SCFS that Topic 34 is overbroad. Thus, the Court finds that such Topic should be limited to: (1) litigation similar to the present lawsuit (i.e., sexual harassment, sexual assault, extortion for sexual acts, claims of intimidation and retaliatory acts, negligent retention and supervision, and/or discriminatory housing practices in violation of the federal Fair Housing Act); (2) in which any defendant has been a party or witness; (3) at any time since January 1, 2009.

3. Deposition Topics 43–46

Topics 43–46 include financial information about the defendants, such as their net worth, credit history, and past audits. (Notice of Dep., Ex. 1, Docket Entry 49-1 at 9-10.) Plaintiffs claim that this information is relevant to calculating punitive damages. (Pls.' Br. at 7-10, Docket Entry 55; Pls.' Supplemental Br. at 2-5, Docket Entry 87.) SCFS argues that Plaintiffs have not made a prima facie case of entitlement to punitive damages. (Def.'s Br. at 13-15, Docket Entry 50; Def.'s Reply Br. at 7-8, Docket Entry 60; Def.'s Supplemental Br. at 3-4, Docket Entry 86.) District courts in the Fourth Circuit have differing opinions as to what showing a plaintiff must make in a punitive damages claim to be entitled to pretrial discovery of financial statements. *See, e.g., E.E.O.C. v. Envtl. & Demolition Servs., Inc.*, 246 F.R.D. 247, 249 (D. Md. 2007) (finding that "a majority of courts hold that pretrial discovery of financial statements relevant to a punitive damages claim is generally permissible without any prima facie showing of entitlement to such damages"); *Robinson v. Quicken Loans Inc.*, No. 3:12-0981, 2013 WL 1704839, at *4 (S.D. W. Va. Apr. 19, 2013) (unpublished) ("agree[ing]

6

with those authorities requiring plaintiffs to make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records"). District courts in North Carolina have previously held that a prima facie showing is required. *Moore v. DAN Holdings, Inc.*, No. 1:12CV503, 2013 WL 1833557, at *14 (M.D.N.C. Apr. 30, 2013) (unpublished); *Jackson-Heard v. Elizabeth City State Univ.*, No. 2:12-CV-8-BO, 2013 WL 594896, at *2 (E.D.N.C. Feb. 15, 2013) (unpublished); *Carter v. Mccreary Modern Inc.*, No. 5:10CV14-RLV-DSC, 2010 WL 4683924, at *3 (W.D.N.C. Nov. 10, 2010); *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105 (E.D.N.C. 1993). Here, the Court finds that such information is not relevant until after Plaintiffs have survived summary judgment on the issue of punitive damages. At this stage, the Court concludes that such financial information is not subject to discovery.

B. <u>Plaintiffs' Motion to Amend Stipulated Protective Order</u>

Plaintiffs seek to amend the SPO previously entered by the Court on July 18, 2014. (*See* Docket Entry 63.) In particular, Plaintiffs seek to amend § 5.2.4 to include persons whom they consult in litigating this case, and to insert an additional section which would allow disclosure of confidential information to witnesses in preparation for deposition or trial. (*Id.*) Defendants argue that the proposed modifications would destroy the original intent of the SPO and that Plaintiffs present significant credibility issues such that limited disclosure is necessary. (*See* Docket Entry 73.)

In determining whether to modify a protective order, the Court considers a number of factors, including "the reason and purpose for a modification, whether a party has alternative means available to acquire the information, the type of protective order which is

7

at issue, and the type of materials or documents which are sought." *SmithKline Beecham Corp. v. Synthon Pharm., Ltd.*, 210 F.R.D. 163, 166 (M.D.N.C. 2002). "The party seeking to modify a protective order bears the burden of showing good cause for the modification." (*Id.*) (citing *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001); *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 342 (S.D. Iowa 1993)). Both parties assert little argument relative to the *SmithKline* factors. However, Plaintiffs do express their need for the modification for trial preparation. (Pl.'s Reply Br. at 5, Docket Entry 77.) Also, Defendants assert that they "acted in reliance on [the SPO] in producing certain highly sensitive and personnel files, photographs of Wesley's and Pender's genitals, and documents containing private information about individuals currently receiving Section 8 benefits through SCFS." (Defs.' Br. at 5, Docket Entry 73.) Applying the *SmithKline* factors in this case, the Court has considered Plaintiffs' reasons for modification, and further recognizes that the SPO resembles most closely a "blanket protective order." *See SmithKline*, 210 F.R.D. at 167 ("A blanket protective order . . . often is nothing more than a Fed. R. Civ. P. 29 stipulation between the parties to keep discovery confidential.") The Court does, however, find that Defendants' reliance on the SPO is "presumptively reasonable," and Plaintiffs are not without any alternative as they can rely on § 5.2.5 to disclose information to individuals outside the listed categories in the SPO. *See id.* Moreover, the Court notes the allegations of this case may already have and are likely to produce very highly sensitive information. As such, the Court will not modify the SPO. Plaintiffs may disclose information only to those people described in the original language of the stipulated protective order.

## III. Conclusion

For the reasons stated herein,

**IT IS HEREBY ORDERED** that Defendant SCFS's motion (Docket Entry 49) for a protective order is **GRANTED IN PART AND DENIED IN PART**. Topics 12 and 34 shall be revised as stated herein. Topics 43-46 shall not be subject to discovery at this time. In all other aspects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant SCFS's motion (Docket Entry 89) for leave to file a second supplemental brief is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion (Docket Entry 63) to amend the Protective Order entered July 18, 2014 is **DENIED**.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

February 11, 2015
Durham, North Carolina