# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KHRISTEN SELLERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14CV422 |
| | ) | |
| SOUTHEASTERN COMMUNITY | ) | |
| AND FAMILY SERVICES, INC., | ) | |
| JOHN WESLEY, and ERIC PENDER, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV1032 |
| | ) | |
| JOHN WESLEY, ERIC PENDER, and | ) | |
| SOUTHEASTERN COMMUNITY | ) | |
| AND FAMILY SERVICES, INC., | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the United States' Motion to Consolidate Related Cases and Stay Discovery in *Sellers v. Southeastern Community and Family Services*. (Docket Entry 81.)[1] The motion has been fully briefed and the matter is ripe for disposition. For the reasons that follow, the undersigned recommends that the motion be granted.

---

[1] All docket citations refer to the docket for *Sellers v. Se. Cmty. & Family Servs., Inc.*, 1:14CV422, unless otherwise noted.

# I. BACKGROUND

Plaintiffs Khristen Sellers, Alfreda Crowder, and Latoya Hasty ("Private Plaintiffs") filed the complaint in this action against Southeastern Community and Family Services, Inc., John Wesley, and Eric Pender on September 10, 2012 in North Carolina state court. (Compl. at 1, Docket Entry 4.) The action was removed from state court to this Court on May 22, 2014. (*See* Docket Entry 1.) Private Plaintiffs' Third Amended Complaint, filed on October 21, 2014, includes twelve plaintiffs, and alleges violations of the federal Fair Housing Act ("FHA") in addition to state law causes of action.[2] (Compl., Docket Entry 62.) On December 10, 2014, the United States filed suit against the same Defendants, alleging violations of the FHA arising from the same or similar conduct by Defendants. (*See* Compl., *United States v. Wesley*, 1:14CV1032, Docket Entry 1 (M.D.N.C.).)

The United States now moves to consolidate the two cases for discovery and trial. (Mot. to Consolidate, Docket Entry 81.) Additionally, the United States requests a stay in discovery to allow all parties to confer about a new discovery schedule. (Gov't's Mem. at 2, Docket Entry 82.) Private Plaintiffs join the United States' motion to consolidate. (Docket Entry 83.) Defendants do not oppose consolidation for discovery and do not object to a stay of discovery. (Defs.' Mem. at 2, Docket Entry 93.) Defendants do oppose consolidation of the cases for trial. (*Id.*)

# II. DISCUSSION

Defendants make three arguments in opposition to the motion to consolidate the cases for trial. First, Defendants argue that a consolidated trial will prejudice them because it

---

[2] Private Plaintiffs have since filed a Fourth Amended Complaint (Docket Entry 99), which includes fifteen plaintiffs and alleges violations of the FHA in addition to state law claims.

2

will require an unwarranted aggregation of evidence. (*Id.* at 3-6.) Next, they argue that consolidation will provide Private Plaintiffs with unwarranted credibility because of the Government's involvement. (*Id.* at 6-9.) Finally, Defendants argue that consolidation could result in increased attorney's fees paid to Private Plaintiffs should Private Plaintiffs prevail. (*Id.* at 9-10.) Each of these arguments is unpersuasive.

Pursuant to Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of fact or law, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Once the motion to consolidate "meet[s] the threshold requirement of involving 'a common question of law or fact'[,] . . . whether to grant the motion becomes an issue of judicial discretion." *Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. Civ. A. 3:04-CV-630, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006) (citing *Arnold v. Eastern Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982)). The court has broad discretion to consolidate cases under Rule 42(a). *A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

> In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing *Arnold*, 681 F.2d at 193).

Here, the moving parties have met the threshold requirement of Rule 42. Private Plaintiffs' case and the United States' case arise out of the same alleged events, namely

"sexual harassment, sexual assault, and extortion for sexual acts by Defendants while Plaintiff's were seeking to obtain low-income housing benefits . . . as well as Defendants' acts of retaliation and intimidation . . . ." (*See* Compl. at 2, Docket Entry 62[3]; *accord* Compl. at 4-5, *United States v. Wesley*, 1:14CV1032, Docket Entry 1 (M.D.N.C.).) Defendants concede that the cases "involve allegations of similar conduct by Defendants Wesley and Pender." (Defs.' Mem. at 4.) Further, both Private Plaintiffs and the United States allege violations of the federal Fair Housing Act, 42 U.S.C. § 3601, *et. seq*. (*See* Compl. at 18, Docket Entry 62; Compl. at 7, *United States v. Wesley*, 1:14CV1032, Docket Entry 1 (M.D.N.C.).) Resolving these cases will turn on common issues of facts and law, therefore the moving parties have met the threshold requirement of Rule 42.

Defendants argue that consolidation of the cases for trial will lead to prejudice because of an "unwarranted aggregation of evidence." (Defs.' Mem. at 3.) Defendants specifically take issue with the possibility that the "number of 'aggrieved persons' in the DOJ case is significantly greater than the number of plaintiffs in the *Sellers* case," and that Defendants could be "unfairly prejudiced by a single jury hearing evidence relating to multiple unrelated allegations and losing its ability to fairly apportion any liability." (*Id.* at 5.)

These arguments are unpersuasive. The fact that there are a large number of "aggrieved persons" alleging violations of their civil rights does not present a risk of undue prejudice to Defendants. The *Sellers* action already has twelve plaintiffs, having been

---

[3] Plaintiffs' Fourth Amended Complaint alleges the same. (*See* Fourth Am. Compl. at 2, Docket Entry 99.)

4

amended three times to add additional parties.[4] (*See* Compl., Docket Entry 62.) As Private Plaintiffs correctly point out, the existence of numerous witnesses to Defendants' alleged actions is not grounds for objection. (Private Pls.' Reply at 4, Docket Entry 95.) Even if the cases were not consolidated, Private Plaintiffs would likely be able to call the Government's witnesses to testify in their action. *See* Fed. R. Evid. 415 (allowing a court, in a civil case involving sexual assault, to admit evidence of "any other sexual assault"). Additionally, at trial, a jury will be responsible for hearing evidence relating to multiple allegations and be required to apportion liability amongst Private Plaintiffs. While the United States may bring its action on behalf of a larger class than Private Plaintiffs, there is no undue prejudice resulting from additional witnesses that would, on balance, outweigh the efficiencies gained from holding a single trial. Therefore, this argument fails.

Next, Defendants argue that consolidation will provide Private Plaintiffs with artificially inflated credibility because of the Government's involvement. (Defs.' Mem. at 6.) Defendants cite no authority in support of their argument. Consolidation between government and private actions is not an infrequent occurrence.[5] Any risk to Defendants from the Government's involvement is miniscule when weighted against the burden on the parties, witnesses, and the Court from holding separate trials. Therefore, this argument is unpersuasive.

---

[4] The same actions are present in the Fourth Amended Complaint, which adds three additional plaintiffs. (*See* Docket Entry 99.)
[5] *See, e.g.*, *Holland v. N.J. Dept. of Corr.*, Civ.A. Nos. 93-1683, 94-2391 and 94-3087, 1994 WL 507801, at *7 (D.N.J. Sept. 14, 1994); *Atlantic States Legal Found., Inc. v. Koch Refining Co.*, 681 F. Supp. 609, 615 (D. Minn. 1988); *Sierra Club v. Coco-Cola Corp.*, 673 F. Supp. 1555, 1556 (M.D. Fla. 1987).

Finally, Defendants argue that consolidation could lead to increased attorney's fees for Private Plaintiffs should Private Plaintiffs prevail. (Defs.' Mem. at 9-10.) According to Defendants, "[c]onsolidation of the trials of these two matters likely will result in significantly longer pre-trial and trial proceedings than if the two matters were tried separately," resulting in increased damages should Private Plaintiffs win. (*Id.* at 9.) This assertion is purely speculative, both as to the imposition of attorney's fees, which are granted at the court's discretion (*see* 42 U.S.C. § 3613(c)(2)), and as to the outcome of the cases. Such speculative prejudice does not outweigh any efficiency gained from consolidating the trials. Further, as Private Plaintiffs rightly point out, it is equally likely that preparing Private Plaintiffs' clients for a single trial, rather than two trials (as they may be called by the United States if the cases are not consolidated) would result in lower attorney's fees. Therefore this argument fails.

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the United States' motion to consolidate (Docket Entry 81) be **GRANTED**. The undersigned **RECOMMENDS** that the cases be consolidated for discovery and trial.[6]

                                                                                  Joe. L. Webster
                                                                        United States Magistrate Judge

April 20, 2015
Durham, North Carolina

---

[6] To the extent the United States requests that discovery in the *Sellers* case be stayed, the Court notes that the discovery deadline has been extended to ninety days after the resolution of the pending motion. (*See* Order, Docket Entry 104.)

6